## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:20-CV-00004-JRG |
| | § | |
| AT&T MOBILITY LLC,  SPRINT UNITED | § | |
| MANAGEMENT COMPANY, T-MOBILE | § | |
| USA INC,  CELLCO PARTNERSHIP, INC. | § | |
| D/B/A VERIZON WIRELESS, INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Defendants' Motion to Sever and Stay (the "Motion to Sever and Stay") filed by Defendants AT&T Mobility LLC, Sprint United Management Company, T-Mobile USA Inc., Cellco Partnership, Inc. D/B/A Verizon Wireless, Inc. (collectively, "Defendants"). (Dkt. No. 138). In the Motion to Sever and Stay, Defendants seek severance of the declaratory claims brought by Intervenors HTC Corp. and HTC America, Inc. (collectively, "Intervenors"), as well as a stay of the original action brought by Plaintiff Joe Andrew Salazar ("Salazar") against Defendants. After careful consideration of the briefing (Dkt. Nos. 138, 139, 142, 148) and the oral argument, the Court concludes that the Motion to Sever and Stay should be **GRANTED-IN-PART**.

### I.    INTRODUCTION

Salazar sued Defendants (retailers of the accused products) for infringing U.S. Patent No. 5,802,467 (the "'467 Patent") by re-selling certain cell phones manufactured by HTC. (Dkt. No. 1). Salazar did not sue HTC Corp. (the manufacturer of the accused products) or HTC America, Inc. (the importer and distributor of the accused products). Salazar previously sued HTC Corp. in

2016, alleging infringement of the '467 Patent by the same accused products. *See Salazar v. HTC, Corp.*, 2:16-cv-01096-JRG ("*Salazar I*"). In *Salazar I,* the jury found that HTC Corp. did not infringe the asserted claims of the '467 Patent, and the Court entered Judgment regarding the same. (*Salazar I*, Dkt. Nos. 272, 284).

Both HTC Corp. and HTC America, Inc. have intervened in the present action. (Dkt. Nos. 67, 70). Intervenors represented to the Court that indemnity obligations were the basis for their intervention. (*See* Dkt. No. 55).[1] After the Court granted leave to intervene, however, Intervenors brought claims for declaratory relief of noninfringement and invalidity. (Dkt. No. 70 (the "Complaint In Intervention")). Salazar answered the Complaint In Intervention but did not assert any claims for relief against Intervenors. (Dkt. No. 78).

Defendants now invoke the customer-suit exception to the first-to-file rule and seek to sever Intervenor's declaratory judgment claims and stay Salazar's claims against Defendants. Defendants argue that proceeding first with Intervenors' declaratory judgment claims is the most efficient way to proceed and would substantially resolve the claims against Defendants. Salazar argues that prioritizing Intervenors' declaratory judgment claims would be inefficient and duplicative in view of *Salazar I*.

## II.    LEGAL AUTHORITY

Under Federal Rule of Civil Procedure 21, a court may "sever any claim against a party." Fed. R. Civ. P. 21. Known as the "customer-suit exception," severance may be appropriate "when a patent owner has sued both a manufacturer and its customers for infringement of the same patents based on the same accused products." *Saint Lawrence Commc'ns LLC v. Apple Inc.*, 2017 WL 3712912, at *1 (E.D. Tex. July 12, 2017). To determine whether severing claims against a

---

[1] Salazar first sued Defendants in the Texarkana Division, and Judge Schroeder transferred the case to this Court in view of *Salazar I* (Dkt. Nos. 1, 77).

customer is appropriate, this Court considers "(1) whether the remaining claims are peripheral to the severed claims," and "(2) whether adjudication of the severed claims would potentially dispose of the remaining claims." *Shifferaw v. Emson USA*, 2010 WL 1064380, at *1 (E.D. Tex. March 18, 2010). Regarding the first factor, "where a single manufacturer is the only entity in the U.S. who makes and sells the only accused products to the retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturers." *Cellular Commc'ns Equip., LLC. v. Apple Inc.*, 2016 WL 6884648, at *2 (E.D. Tex. Aug. 26, 2016). "[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

The district court has "broad discretion" when deciding whether to sever under Rule 21. *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). In determining whether to stay a severed case, courts frequently consider three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *CyWee Grp. Ltd. v. Huawei Device Co.*, 2018 WL 4002776, at *3 (E.D. Tex. Aug. 22, 2018). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

## III.   ANALYSIS

Defendants argue that severance of the Intervenors' declaratory judgment claims, and stay of the remaining claims against Defendants, is appropriate because Intervenors are the "true defendants." (Dkt. No. 138 at 2). Defendants argue Salazar's claims against Defendants are peripheral to the declaratory judgment claims because a "single manufacturer is the only entity in the U.S. who makes and sells the only accused products to retailers." (*Id*. at 6–7). Defendants

further contend that adjudication of the Intervenors' declaratory judgment claims would substantially dispose of the remaining claims against the Defendants. (*Id*. at 9).

Salazar argues that Salazar's infringement claims against Defendants are not peripheral to the Intervenors' declaratory judgment claims because Salazar has not (and cannot) assert any claims against manufacturer HTC Corp. in view of the Court's Judgment in *Salazar I*. (Dkt. No. 139 at 7–8). Salazar asserts that neither HTC Corp. nor HTC America, Inc. shares a direct customer-manufacturer relationship with Defendants because HTC America, Inc. acts as an intermediary between HTC Corp. (the foreign manufacturer of the accused products) and Defendants (the domestic re-sellers of the accused products). (*Id*.). Based on this arrangement, Salazar attempts to distinguish cases involving a direct customer-manufacturer relationship among defendants. (*Id*.).

The Court is persuaded that the customer stay is inappropriate here in view of the history and relationships among the parties. Salazar recognizes that he is precluded from asserting any claims against HTC Corp. in view of the judgment in *Salazar I*. (Dkt. No. 139 at 8). It would be odd, to say the least, to prioritize HTC Corp.'s claim for declaratory relief when Salazar is precluded from bringing an affirmative claim against HTC Corp. As to HTC America, Inc., the customer-suit exception is designed to prioritize adjudication of claims against manufacturers over claims against customers. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) ("Th[e] 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."). Here, however, HTC America, Inc. is not a manufacturer but a distributor of the accused products, and thus is similarly situated to the retailer Defendants. Any trial involving a manufacturer would necessarily require the presence of HTC Corp.

4

Considering the unique posture and history of this case, the Court is persuaded that the most efficient course of action is to sever and stay the Intervenors' declaratory judgment claims. In *Salazar I*, the manufacturer of the accused products, HTC Corp., fully litigated Salazar's infringement claims. The Intervenors were permitted to intervene in this action on the basis that Intervenors owed indemnity obligation to Defendants and their participation would facilitate better access to technical discovery. (*See generally* Dkt. Nos. 55, 70). After the Court granted leave to intervene, however, Intervenors filed declaratory judgment claims of noninfringement and invalidity. (Dkt. No. 70). Salazar chose to only assert claims against the retailer Defendants and elected not to assert any claims relief against the Intervenors—either in his original Complaint or his answer to the Complaint In Intervention. (Dkt. Nos. 1, 78). The Court will not override Salazar's decision not to involve Intervenors by prioritizing their declaratory judgment claims. Doing so would substantially duplicate litigation that has already occurred in *Salazar I*. In addition, Intervenors' presence in a trial alongside Defendants is unnecessary and will likely introduce confusion. Such a trial would lump together a manufacturer and distributor with the retailer Defendants and intermingle Salazar's affirmative claims for relief with Intervenors' declaratory judgment claims. This confusion can be avoided by first resolving only Salazar's claims against Defendants, which is likely to moot some or all the severed claims brought by Intervenors.  In short, the interests of judicial economy will best be served, and the outstanding issues will best be simplified and streamlined, by prioritizing the adjudication of Salazar's claims against Defendants.

## IV.    CONCLUSION

On balance, severance and stay of Intervenors' declaratory judgment claims would "facilitate convenient, efficient, and less expensive determination" of the action Salazar brought against Defendants. *In re Nintendo*, 756 F.3d at 1365. Thus, the Court **GRANTS-IN-PART** Defendants' Motion to Sever and Stay. Accordingly, the Clerk of Court shall open a new

case number into which the Intervenors' declaratory judgment claims against Salazar shall be moved, leaving the claims against Defendants in the present case. Intervenors' declaratory judgment claims are hereby **STAYED** until completion of the trial against Defendants.

## So Ordered this

**May 26, 2021**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE